UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALLEN D. BROWN,

                Plaintiff,

-vs-                                          Case No.  8:05-cv-839-T-24TGW

ROBERTO PEREZ,

                Defendant.
_____

**ORDER**

      Pro se prisoner Plaintiff filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 and an affidavit of indigency which the Court construed as a motion to proceed in forma pauperis.  Plaintiff, who is incarcerated at the Falkenburg Road Jail, Hillsborough County, Florida, contends that Officer Perez, a Hillsborough County Sheriff's Deputy, used excessive force while Plaintiff was being moved to a new pod within the jail.

      As relief, Plaintiff requests:

      I think he [Perez] should be charged for his misconduct or either my charge
      should be dropped.

DISCUSSION

      On February 24, 2005, Deputy Perez wrote a report related to the incident. The report stated:

            Approximately 1245 inmates Stephens and Brown approached my
      desk and stated "Where are we moving to."  I informed them I did not have

> a location yet but I would let them know shortly. They became insolent and disruptive by stating, "You need to do your job and hurry up." I ordered them to the vestibule and they refused. Both inmates proceeded to their cell. I called for escort assistance. I observed inmate Stephens become very agitated and making threatening statements toward me. I activated my ani as inmate Stephens attempted to attack me. Stephens was behind Brown and continued to make threatening statements stating, "Don't fucking touch me or I'm going kick your ass." I ordered them to turn around and face their bunk and they reluctantly complied. I entered the cell with Deputy Roman # 7877, to apply handcuffs and inmate Brown turned around quickly in an attempt to attack me. I deployed my oleoresin capsicum towards his facial area. Deputy Roman #7877 and I attempted to redirect inmate Brown towards the cell wall and he violently resisted by stricking [sic] me with a clenched fist on the left side of my face. The emergency response team arrived and redirected him to the floor. Deputy Renner #4601, applied handcuffs and leg irons and double locked them. Inmates Brown and Stephens were escorted to the clinic separately. A description of incident form was completed and unisource notified. Jail detective Melton was notified. Both inmates were relocated to 6C Mod 4 per classification specialist Grant, pending a disciplinary hearing.

After the March 1, 2005, disciplinary hearing, Disciplinary Hearing Officer R. Williams reported:

> I conducted the disciplinary hearing with Inmate Brown present. Inmate Brown admitted disobeying the Deputy's order to go to the vestibule. He stated that he was not going to leave without his legal work. Due to his own admission of guilt and the incident report[1] I find Inmate Brown guilty of the charges. I recommend the following sanctions: 30 days loss of visitation, 30 days loss of canteen and 30 days of disciplinary confinement. The inmate was informed of the appeals process.

Following the hearing, Plaintiff filed a grievance in which he alleged Deputy Perez struck him for no reason. The response was as follows:

> Forwarded to Lt. Berry for disposition. The incident was investigated by Sgt. Otto with the determination that the force used was justified due to your violent actions. Witnesses observed you attack and strike Deputy Perez.

---

[1] Plaintiff submitted a copy of the incident report with his complaint.

In a subsequent appeal, filed April 10, 2005, Plaintiff complained that the State of Florida did not allow "closed fist strikes" against inmates. On April 11, 2005, Plaintiff's appeal was denied. The denial stated that the FDLE and the State of Florida does allow closed-fist strikes.

## No Constitutional Violation

In any § l983 action, the initial inquiry must focus on whether the two essential elements to a § l983 action are present:

> 1. whether the conduct complained of was committed by a person acting under color of state law; and
>
> 2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Tillman v. Coley, 886 F.2d 317, 319 (11th Cir.), reh'g denied en banc, 893 F.2d 346 (11th Cir. 1989); Barfield v. Brierton, 883 F.2d 923, 934 (11th Cir. 1989); Cornelius v. Town of Highland Lake, Alabama, 880 F.2d 348, 352 (11th Cir.), reh'g denied en banc, 887 F.2d 1093 (11th Cir. 1989), cert. denied, Spears v. Cornelius, 494 U.S. 1066 (1990) overruled on other grounds by White v. Lemacks, 183 F.3d 1253, 1259 (1999) citing Collins v. City of Harker Heights, 503 U.S. 115 (1992).

Plaintiff fails to meet the elements described above. First, Plaintiff has not alleged the violation of any constitutional right. In Albright v. Oliver, 510 U.S. 266 (1994), the Supreme Court stated that section 1983 was not itself a source of substantive rights, but merely provided a method for vindicating federal rights elsewhere conferred. 510 U.S. at 271.

Prison disciplinary proceedings are not part of a criminal prosecution, therefore the full panoply of rights that are due a defendant in a criminal proceeding does not apply. Wolff v. McDonnell, 4l8 U.S. 539, 556 (l974) (citation omitted).  "In sum, there must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application."  Id.

The United States Supreme Court held that written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense.  Id. at 564.  Further, the Court held that at least a brief period of time after the notice, no less than twenty-four (24) hours, should be allowed to the inmate to prepare for the appearance before the disciplinary committee.  Id.  The Court also held that there must be a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary action.  Id.  In the present case, the jail officials complied with the Wolff requirements.

Plaintiff Brown has not alleged that he was denied the right to a hearing regarding his allegations of excessive force against Deputy Perez.  Plaintiff Brown has not shown that the force used by Deputy Perez was excessive or unjustified.  Thus, Plaintiff has not shown the violation of any constitutional right.

### Court Lacks Mandamus Power Over Sheriff's Department

Finally, this Court does not have mandamus power to discipline Deputy Perez or to dismiss the charges for which Plaintiff Brown is incarcerated.  Writs of mandamus as such have been abolished in federal practice pursuant to Rule 81(b), Federal Rules of Civil

Procedure.[2] However, under the All Writs Statute, 28 U.S.C. § 1651, Federal Courts may issue all writs necessary or appropriate in aid of their respective jurisdictions. Title 28 U.S.C. § 1651 does not create an independent basis for jurisdiction. Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586 (4th Cir. 1969); Ortega v. Puncinelli, 444 F.2d 530 (9th Cir. 1971); Ali v. State Police of Pennsylvania, 378 F. Supp. 888 (E.D. Pa. 1974).

Writs in the nature of mandamus may be issued only in instances where, before the adoption of Rule 81(b), the remedy of mandamus would have been available. It is well-settled that federal courts do not have jurisdiction to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. Lamar v. 118th Judicial District Court of Texas, 440 F.2d 383 (5th Cir. 1971); Haggard v. State of Tennessee, 421 F.2d 1384 (6th Cir. 1970); Clark v. State of Washington, et al., 366 F.2d 678, 681-82 (9th Cir. 1966); Dunlap v. Corbin, 532 F. Supp. 183, 187 (D. Ariz. 1981), aff'd 673 F.2d 1337 (9th Cir. 1982); Lessard v. State of Wisconsin, 449 F. Supp. 914, 915 (E.D. Wis. 1978). Analagously, this Court does not have mandamus power over the Hillsborough County Sheriff's Department.

Accordingly, the Court orders:

1. That Plaintiff's complaint is dismissed, with prejudice.

2. That Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) is denied. Plaintiff is assessed the $250.00 filing fee.

---

[2] Federal courts have jurisdiction under 28 U.S.C. § 1361 in actions in the nature of mandamus to compel officers or employees of the United States to perform their duties.

The Clerk is directed to enter judgment against Plaintiff and to close this case.  The Clerk is also directed to send a copy of this order to Inmate Accounting at the Falkenburg Road Jail, Hillsborough County, Florida.

ORDERED in Tampa, Florida, on May 24, 2005.

>                          *Susan C. Bucklew*
>                          SUSAN C. BUCKLEW
>                          United States District Judge

Allen D. Brown